UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

JEREMY MARTINEZ,

Plaintiff,

-against-

NASSAU COUNTY, NASSAU COUNTY POLICE OFFICER DEAN M. REITER, POLICE OFFICER TRIFARO, POLICE OFFICERS "JOHN DOE" 1-4 of the NASSAU COUNTY POLICE DEPARTMENT, Individually and in their official capacity, (the names John Doe being fictitious, as the true name are presently unknown),

Defendants.

---------------------------------------------------------------X

16-CV-4207

JURY TRIAL DEMANDED

**COMPLAINT**

ECF CASE

Plaintiff JEREMY MARTINEZ, by his attorney CHRISTOPHER H. FITZGERALD, complaining of the defendants, respectfully alleges the following:

## I. PRELIMINARY STATEMENT

1. Plaintiff JEREMY MARTINEZ, ("Plaintiff"), brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to the statutory and common law of the State of New York for assault and battery, negligence, intentional infliction of emotional distress, and negligent hiring and supervision.

2. Plaintiff also brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.

## II. JURISDICTION

3. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(3) and (4) and the aforementioned statutory and constitutional provisions.

4. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to the federally based claims and causes of action.

## III. VENUE

5. Venue is proper for the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. §§ 1391(a), (b), and (c) and §1402(b), where the plaintiff resides and the defendant NASSAU COUNTY maintains its relevant places of business, and where the majority of the actions complained of herein occurred.

## IV. JURY DEMAND

6. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## V. THE PARTIES

7. That at all times hereinafter mentioned, the plaintiff was a resident of the County of the Queens, City and State of New York.

8. That at all times hereinafter mentioned, the defendant, NASSAU COUNTY, was and is a municipal corporation, duly organized and existing under by virtue of the laws of the State of New York.

9. That at all times hereinafter mentioned, defendants NASSAU COUNTY POLICE OFFICER DEAN M. REITER ("REITER"), POLICE OFFICER TRIFARO ("TRIFARO") and NASSAU COUNTY POLICE OFFICERS JOHN DOE ("JOHN DOES") 1-4 were and still are employed by the NASSAU COUNTY POLICE DEPARTMENT.

10. That prior to the institution of this action, on or about October 26, 2015, a Notice of Claim was duly served upon and filed with the NASSAU COUNTY on behalf of the plaintiff within the time required by General Municipal Law §50(e).

11. That on or about April 19, 2016, a hearing was conducted by NASSAU COUNTY pursuant to General Municipal Law §50(h).

12. That at all times hereinafter mentioned, the defendant officers were acting within the scope and course of their employment with the NASSAU COUNTY Police Department, and under color of state law.

13. That at all times hereinafter mentioned, all of the actions of defendants REITER, TRIFARO and JOHN DOES 1-4 alleged herein were done within the scope and course of their employment with the NASSAU COUNTY Police Department.

14. That all of the causes of action pleaded herein fall within one or more of the exceptions set forth in New York's Civil Practice Law & Rules 1602 with respect to joint and several liability.

## VI. STATEMENT OF FACTS

15. On or about the date of July 28, 2015, at approximately 2:30 am, plaintiff JEREMY MARTINEZ ("plaintiff" or "MARTINEZ") was lawfully on the public sidewalk located at 1714 Merrick Road, in Merrick, New York.

16. At that time and on that date, plaintiff was taking cell phone video footage of the arrest and brutalization of an apprehended other person, who was handcuffed and on the ground.

17. Plaintiff did not know this arrestee, but has since come to know that person to be Anthony Dunkley.

18. Claimant observed officers of the Nassau County Police Department forcing their boots and knees into the head and back of Mr. Dunkley, despite encountering no threat or resistance.

19. Plaintiff remained a reasonable distance away from the officers making the arrest, and did not interfere with or obstruct the actions of any of the officers.

20. One of the officers—a white male in his thirties, bald and with a mustache—seeing that claimant was filming them, turned to claimant, approached him and stated, to wit: "Stop filming." Upon information and belief, this officer was defendant REITER.

21. Defendant REITER then ordered claimant to get on the ground.

22. Thereafter, approximately four to six officers of the Nassau County Police Department surrounded plaintiff, forced him to the ground and handcuffed him.

23. While plaintiff was face-down on the ground and handcuffed, these officers stepped on his shoulders and head, grinding his face into the pavement and causing lacerations to his right shoulder, right elbow, face and head.

24. These officers maliciously stomped on plaintiffs' right ankle and right knee and kneed him in the back despite plaintiff being handcuffed and offering no resistance.

25. These officers then transported claimant to Nassau University Medical Center via ambulance and took him to a private room where no doctors or nurses were present.

26. At this time, plaintiff's hands and feet were secured to the gurney by handcuffs and shackles.

27. One officer guarded the door, while another—a Latino male officer—began to strike plaintiff in the face multiple times with his fist, and only ceased when a nurse came to administer a tetanus shot.

28. Claimant was then transported to Central Booking and held overnight. He was arraigned the next day and released on his own recognizance, after being charged with violations of New York Penal Law §205.30—Resisting Arrest, and §195.05—Obstructing Governmental Administration.

29. With the assistance of his parents, claimant went to Flushing Hospital Medical Center and treated for injuries to his head, face, right leg, right elbow and right shoulder, and for blurry vision in his right eye.

30. After months of fighting the criminal charges, plaintiff received an Adjournment in Contemplation of Dismissal, on or about April 5, 2016.

31. Plaintiff was acting lawfully when he was assaulted, battered, arrested and imprisoned, by agents and/or employees of Nassau County, including, but not limited to, upon information and belief, agents employed by the Nassau County Police Department, as well as officers affiliated with the 7th Precinct of the Nassau County Police Department and Officers REITER and TRIFARO.

32. Due to the violent acts of defendants REITER, TRIFARO and JOHN DOES 1-4, plaintiff suffered, *inter alia*, permanent physical injuries and psychological trauma.

33. Plaintiff continues to suffer from the painful and debilitating injuries caused on July 28, 2015.

## FIRST CLAIM FOR RELIEF: ASSAULT UNDER STATE LAW

34. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

35. On July 28, 2015, defendants REITER, TRIFARO and JOHN DOES 1-4, acted with the intent to cause plaintiff to fear for his own physical safety and to fear that violent contact was imminent by behaving toward plaintiff in an aggressive manner.

36. Defendants REITER, TRIFARO and JOHN DOES 1-4, acted with the intent to harass, annoy, and/or alarm the plaintiff.

37. Defendants REITER, TRIFARO AND JOHN DOES 1-4, acted voluntarily and with the intent and the desire to cause plaintiff to fear for his own physical safety and to fear that violent contact was imminent.

38. Defendants REITER, TRIFARO AND JOHN DOES 1-4, acted voluntarily and with the knowledge—with substantial certainty—that their actions would cause the plaintiff to fear for his own physical safety and to fear that violent contact was imminent.

39. Defendants REITER, TRIFARO and JOHN DOES 1-4 threatened to strike, shove, kick or otherwise subject plaintiff to physical contact with the intent to harass, annoy or alarm plaintiff.

40. Defendants REITER, TRIFARO and JOHN DOES 1-4 had the real and apparent ability to carry out their implied and explicit threats of violent contact.

41. As a result of Defendants REITER, TRIFARO and JOHN DOES 1-4 actions, plaintiff became apprehensive and feared for his own physical safety and feared that violent contact was imminent.

42. Defendant NASSAU COUNTY is vicariously liable for the actions of Defendants REITER, TRIFARO and JOHN DOES 1-4 as these individual defendants were acting in furtherance of NCPD business and within the scope of NCPD authority.

43. At all times mentioned herein, NASSAU COUNTY is responsible for the plaintiff's injury and damages as REITER, TRIFARO and JOHN DOES 1-4 were acting in furtherance of NCPD business and within the scope of NCPD authority.

**SECOND CLAIM FOR RELIEF:**
**BATTERY UNDER STATE LAW**

44. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

45. On July 28, 2015, defendants REITER, TRIFARO and JOHN DOES 1-4 intentionally made physical contact with plaintiff.

46. This physical contact was violent, offensive, and without plaintiff's consent.

47. This contact was without provocation.

48. This violent physical contact caused severe physical and psychological injuries to plaintiff.

49. Defendants REITER, TRIFARO and JOHN DOES 1-4 acted voluntarily and intentionally, and with the purpose of physically harming the plaintiff.

50. Defendants REITER, TRIFARO and JOHN DOES 1-4 struck, shoved, kicked or otherwise subjected plaintiff to physical contact.

51. Defendants REITER, TRIFARO and JOHN DOES 1-4 acted with the intent to cause plaintiff physical harm, and to harass, annoy or alarm plaintiff.

52. Defendant the NASSAU COUNTY is vicariously liable for the actions of Defendants REITER, TRIFARO and JOHN DOES 1-4 as these individual defendants were acting in furtherance of NCPD business and within the scope of NCPD authority.

53. At all times mentioned herein, the NASSAU COUNTY is responsible for the plaintiff's injury and damages as REITER, TRIFARO AND JOHN DOES 1-4, were acting in furtherance of NCPD business and within the scope of NCPD authority.

**THIRD CLAIM FOR RELIEF:**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER STATE LAW**

54. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

55. Defendants REITER, TRIFARO and JOHN DOES 1-4 conduct of July 28, 2015 was shocking and outrageous, exceeding all reasonable bounds of decency.

56. Defendants REITER, TRIFARO and JOHN DOES 1-4 conduct was intentional, and with the purpose to cause plaintiff severe emotional distress.

57. Defendants REITER, TRIFARO and JOHN DOES 1-4 acted voluntarily, and with the desire to cause plaintiff severe emotional distress.

58. Defendants REITER, TRIFARO and JOHN DOES 1-4 conduct was reckless, and with an utter disregard for the consequences that followed.

59. Defendants REITER, TRIFARO and JOHN DOES 1-4 struck, shoved, kicked or otherwise subjected plaintiff to physical contact.

60. Defendants REITER, TRIFARO and JOHN DOES 1-4 acted with the intent to cause plaintiff physical harm, and to harass, annoy or alarm plaintiff.

61. Defendants REITER, TRIFARO and JOHN DOES 1-4 conduct has caused plaintiff severe emotional distress.

62. Defendants NASSAU COUNTY are vicariously liable for the actions of Defendants REITER, TRIFARO and JOHN DOES 1-4 as these individual defendants were acting in furtherance of NCPD business and within the scope of NCPD authority.

63. At all times mentioned herein, the NASSAU COUNTY is responsible for the plaintiff's injury and damages as REITER, TRIFARO and JOHN DOES 1-4, was acting in furtherance of NCPD business and within the scope of NCPD authority.

**FOURTH CLAIM FOR RELIEF:**
**VICARIOUS LIABILITY UNDER STATE LAW**

64. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

65. At all times on or about July 28, 2015, Defendants REITER, TRIFARO and JOHN DOES 1-4were acting within furtherance of NCPD business, and within the scope of their authority as Police detectives.

66. Upon information and belief, the incident complained of herein—the 42nd Precinct of the NASSAU COUNTY Police Department—was and still is Defendants REITER, TRIFARO and JOHN DOES 1-4' place of employment.

67. Upon information and belief, defendants REITER, TRIFARO and JOHN DOES 1-4 had a histories of violent and disturbing behavior, which, by their inaction, has been ratified and approved by NCPD and the NASSAU COUNTY.

## FIFTH CLAIM FOR RELIEF: NEGLIGENT HIRING, RETENTION AND/OR SUPERVISION UNDER STATE LAW

68. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

69. NASSAU COUNTY and THE NASSAU COUNTY POLICE DEPARTMENT ("NCPD") has a duty to use reasonable care in the employment, training and supervision of its employees.

70. This includes a duty to investigate and find out whether employees are competent to do work without danger of harm to others.

71. The NCPD knew or should have known that Defendants REITER, TRIFARO and JOHN DOES 1-4 were incompetent, had vicious propensity, and/or have a bad disposition.

72. The NCPD could have easily anticipated the assault and battery of July 28, 2015.

73. The NCPD failed to adequately investigate and correct Defendants REITER, TRIFARO and JOHN DOES 1-4 disposition and propensity.

74. Because of this history, the attack of July 28, 2015 was a foreseeable consequence of NCPD' failure to adequately train, reprimand, or re-assign Defendants REITER, TRIFARO and JOHN DOES 1-4.

75. Because of NCPD' failure to take appropriate action, plaintiff has suffered the injuries claimed herein.

**SIXTH CLAIM FOR RELIEF:**
**DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. §1983**

76. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

77. At the time of plaintiff's arrest, there was no credible evidence that plaintiff had committed a crime.

78. All of the aforementioned acts of the Defendant NASSAU COUNTY, and the individual defendants and their agents, servants, and employees, were carried out under the color of state law.

79. All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eight, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

80. The acts complained of were carried out by the aforementioned individual defendants, in particular REITER, TRIFARO and JOHN DOES 1-4, in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

81. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to their customs, usages, practices, procedures, and the rules of the NASSAU COUNTY and the NASSAU COUNTY Police Department, all under supervision of said department.

82. The individual defendants, and defendant NASSAU COUNTY, collectively and individually, while acting under color of state law, engaged in Constitutionally violative conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

83. As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer physical, psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

**SEVENTH CLAIM FOR RELIEF:**
**FALSE ARREST UNDER 42 U.S.C. §1983**

84. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

85. Plaintiff was arrested in the absence of probable cause, at the direction of, or under practices, policies or customs promulgated by the NASSAU COUNTY POLICE DEPARTMENT and NASSAU COUNTY.

86. As a result of the aforesaid conduct by defendants REITER, TRIFARO and JOHN DOES 1-4, plaintiff was subjected to illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained and confined without any probable cause, privilege or consent.

87. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer physical, psychological and emotional injuries, violation of

his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

88. As a result of defendants' impermissible conduct, plaintiff demands judgment against defendants in a sum of money to be determined at trial.

**EIGHTH CLAIM FOR RELIEF:**
**FALSE ARREST AND FALSE IMPRISONMENT UNDER STATE LAW**

89. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

90. That at all times hereinafter mentioned, defendant NASSAU COUNTY assumed responsibility, supervision, and authority of NASSAU COUNTY POLICE DEPARTMENT and its agents, servants and employees, and is liable to plaintiff for the acts complained of herein under the theories of vicarious liability and *respondeat superior*.

91. At the aforementioned times and locations, plaintiff was detained and held under the imprisonment and control of the defendants REITER, TRIFARO and JOHN DOES 1-4 under false pretenses.

92. At the aforementioned times and locations, due to the negligence of the defendants, their servants, agents, employees, licensees, independent contractors and/or police officers while in the course and scope of their employment with THE NASSAU COUNTY, and acting under authority of the NASSAU COUNTY POLICE DEPARMENT, falsely arrested and imprisoned the plaintiff without warrant, authority of law or probable cause therefore.

93. That the acts and conduct on the part of the individual defendants constituting the false arrest and false imprisonment consisted in part of the following: unlawfully and intentionally detaining and confining plaintiff against his will and without his consent; unlawfully and intentionally detaining and confining plaintiff without privilege, probable cause or valid legal process; unlawfully detaining and confining plaintiff through the unlawful arrest of plaintiff; unlawfully detaining and confining plaintiff; unlawfully arresting plaintiff and placing his in handcuffs without reasonable cause therefore, and committing such other acts resulting in the unlawful arrest and imprisonment of plaintiff.

94. That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

95. That plaintiff was conscious of the confinement.

96. That as a direct, sole and proximate result of the false arrest, imprisonment, and excessive force, plaintiff was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal reputation, inconvenience, disturbance and disruption of life, legal expenses, and loss of personal income.

97. By the actions described above, the individual and municipal defendants caused plaintiff to be falsely arrested and/or falsely imprisoned plaintiff without probable cause, without reasonable suspicion, illegally, without any proper claims, and without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the

plaintiff and violated his statutory and common law rights as guaranteed by the law of the Constitution of the State of New York.

98. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer physical, psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

## NINTH CLAIM FOR RELIEF
## VIOLATION OF AND RETALIATION FOR
## THE EXERCISE OF RIGHTS AND FREE SPEECH AND ASSEMBLY UNDER
## 42 U.S.C. §1983

99. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

100. By the actions described above, the defendants violated, and retaliated for the exercise of the free speech and assembly rights of the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated her statutory and common law rights as guaranteed by the United States Constitution, and the laws and Constitution of the State of New York.

101. The Supreme Court of the United States has consistently held that people have a 1st amendment right to verbally challenge police action. City of Houston v. Hill, 482 U.S. 451 (1987).

**TENTTH CLAIM FOR RELIEF:**
**EXCESSIVE FORCE UNDER the FOURTH AMENDMENT**
**and 42 U.S.C. §1983**

102. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

103. Plaintiff's seizure and detention at the hands of the individually named defendants was made in the absence of probable cause or arguable probable cause.

104. Even assuming *arguendo* that plaintiff's arrest was lawful, the individually named defendants engaged in the use of force that was excessive, malicious, gratuitous, and with the sole intention of inflicting physical and psychological harm to plaintiff.

105. The behavior of the defendants was the sole and proximate cause of the physical and psychological injuries that plaintiff sustained on the date of his arrest.

106. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer physical, psychological and emotional injuries, violations of hiscivil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and their standing within their community.

**ELEVENTH CLAIM FOR RELIEF:**
**NEGLIGENCE**

107. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

108. Defendants negligently caused emotional distress, psychological harm, physical injuries, and damage to plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws an Constitution of the state of New York.

109. As a result of the foregoing, plaintiff was caused to suffer physical, psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

**TWELFTH CLAIM FOR RELIEF:**
**MUNICIPAL LIABILITY UNDER MONELL ARISING FROM UNCONSTITUTIONAL POLICIES AND CUSTOMS UNDER 42 U.S.C. §1983**

110. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

111. Defendants REITER, TRIFARO and JOHN DOES 1-4 arrested detained plaintiff in the absence of any evidence of criminal wrongdoing,

notwithstanding their knowledge that said arrest and incarceration would jeopardize the plaintiff's liberty, well-being, safety and constitutional rights.

112. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

113. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the NASSAU COUNTY and the NEW YORK POLICE DEPARTMENT, all under the supervision of officers of said department.

114. As a result of the aforementioned conduct of the defendant NASSAU COUNTY, and the individual defendants, plaintiff's constitutional rights were violated.

115. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

116. As a result of the defendants' impermissible conduct, plaintiff demands judgment against defendants in a sum of money to be determined at trial.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:

a. Compensatory damages;
b. Punitive damages;
c. The convening and empaneling of a jury to consider the merits of the claims herein;
d. Costs and interest and attorney's fees;
e. Such other and further relief as this court may deem appropriate and equitable.

DATED:

New York, New York
July 28, 2016

Respectfully submitted,

**The Law Office of**
**Christopher H. Fitzgerald**
*Counsel for Plaintiff*

____/s/________________________
By: Christopher H. Fitzgerald, Esq.
(CF7339)
233 Broadway, Suite 2348
New York, NY 10279
(212) 226-2275